UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN HOGLUND,<br><br>            Plaintiff,<br><br>   v.<br><br>ALLSTATE INSURANCE COMPANY, et al.,<br><br>            Defendants. | CASE NO. C23-1575JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court are (1) Plaintiff Steven Hoglund's motion to remand this action to King County Superior Court (MTR (Dkt. # 7); *see also* MTR Reply (Dkt. # 19)), and (2) Defendant Allstate Insurance Company's ("Allstate") motion for partial summary judgment (MSJ (Dkt. # 9); *see also* MSJ Reply (Dkt. # 18)). Each party opposes the other's motion. (MTR Resp. (Dkt. # 16); MSJ Resp. (Dkt. # 15).) The court has considered the motions, the parties' submissions in support of and in opposition to the

ORDER - 1

motions, the relevant portions of the record, and the applicable law.  Being fully advised,[1] the court GRANTS Mr. Hoglund's motion to remand and DENIES Allstate's motion for partial summary judgment as moot.

## II.   BACKGROUND

Mr. Hogland's claims stem from an automobile collision with an underinsured motorist ("UIM") in Bellevue, Washington in 2018.  (Compl. (Dkt. # 1-1) ¶¶ 3.1-3.2.)  At the time, Mr. Hoglund held an automobile insurance policy through Allstate that covered up to $250,000.00 for bodily injuries sustained due to UIM collisions.  (*Id.* ¶¶ 3.4-3.5.)  Following the collision, Mr. Hoglund submitted a UIM claim seeking coverage for his injuries.  (*Id.* ¶ 3.11.)  Allstate assigned insurance adjuster Matt Weis to the claim.  (*Id.* ¶ 3.12.)  Mr. Weis investigated the claim and offered to settle it for $15,000, which Mr. Hoglund apparently declined.  (*See id.* ¶¶ 3.12-3.16.)

Mr. Hoglund filed this lawsuit in King County Superior Court on or around September 22, 2023, seeking to enforce his contract rights under the UIM policy provision.  (Compl. (Dkt. # 1-1) at 1, 9.)  The complaint names Allstate and Mr. Weis as defendants (*id.* ¶¶ 1.2-1.3) and raises various claims under Washington law, including breach of the common law duty of good faith (*id.* ¶¶ 4.1-4.8).  On October 13, 2023, Allstate timely removed the action to this court on the basis of diversity jurisdiction.  (Not. of Removal (Dkt. # 1) at 1 (citing 28 U.S.C. § 1332).)  The notice of removal

---

[1] Neither party has requested oral argument (*see* MTR at 1; MTR Resp. at 1; MSJ at 1; MSJ Resp. at 1), and the court determines that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

acknowledges that both Mr. Hoglund and Mr. Weis are residents of Washington—which ordinarily would prelude diversity jurisdiction—but states that the claims against Mr. Weis are "frivolous" with no basis in Washington law, and that Mr. Weis was fraudulently joined to prevent removal. (*See id.* ¶¶ 3-6 (citing Compl. ¶ 1.3 (stating that Mr. Weis "is believed to be a resident of Washington State"))); *see also* 28 U.S.C. § 1332 (conferring diversity jurisdiction where the action "is between" "citizens of different States"). On October 19, 2023, Mr. Hoglund filed the instant motion to remand and Allstate filed the instant motion for partial summary judgment. (*See generally* MTR; MSJ.) Because the issues raised in each motion overlap, the court addresses both motions in this order.

### III.   ANALYSIS

The parties' motions both turn on the issue of fraudulent joinder. Allstate seeks partial summary judgment with respect to Mr. Hoglund's claims against Mr. Weis, arguing Mr. Weis was "fraudulently joined in this matter" because "long standing Washington law" precludes the personal liability of individual insurance adjusters. (MSJ at 1.) Mr. Hoglund argues in his motion to remand that Mr. "Weis was not 'fraudulently joined'" because Washington law does not foreclose common law bad faith claims against individual insurance adjusters. (MTR at 1-2; *see also id.* at 3 (stating that Mr. Hoglund "will withdraw all claims against [Mr.] Weis except the common law bad faith claim").) Consequently, he argues, Mr. Weis was properly named as a defendant, the parties lack complete diversity, and this court lacks subject matter jurisdiction, requiring remand. (*Id.* at 2, 10.) Mr. Hoglund's motion is dispositive, and the court therefore

addresses it first.  For the reasons set forth below, the court concludes that Mr. Weis was not fraudulently joined and, as a result, the court lacks subject matter jurisdiction over this action.

**A.    Legal Standard**

The federal removal statute provides that unless otherwise prohibited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a)(1).  Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance.  *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The removing defendant faces a "strong presumption" against removal and bears the burden of establishing, by a preponderance of the evidence, that removal was proper.  *Gaus*, 980 F.2d at 567.

Allstate invokes 28 U.S.C. § 1332 as the basis for original jurisdiction and removal.  (Not. of Removal at 1.)  That statute confers diversity jurisdiction "over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).  "Although an action may be removed to federal court only where there is complete diversity of citizenship . . . 'one exception to the requirement for complete diversity is where a non-diverse defendant has been "fraudulently joined."'" *Id.*

(internal citations omitted) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). Joinder of a non-diverse defendant is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Where a defendant has been fraudulently joined, "the district court may ignore the presence of that defendant for the purpose of establishing diversity." *Id.* Conversely, "if there is a *possibility* that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare, LLC*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046).

**B.     Mr. Hoglund's Motion to Remand**

Because Mr. Hoglund and Mr. Weis are both citizens of Washington, Mr. Weis's presence defeats diversity jurisdiction unless he was fraudulently joined. Mr. Hoglund argues he has raised a viable common law bad faith insurance claim against Mr. Weis and, as a result, there was no fraudulent joinder and remand is appropriate. The court agrees with Mr. Hoglund.

Allstate's theory of fraudulent joinder is premised on its assertion that under settled Washington law, "insureds may only sue their insurers, not the insurers'

employees." (MTR Resp. at 1.)  In support of this proposition, Allstate relies heavily on the Washington Supreme Court's decision in *Keodalah v. Allstate Insurance Co.*, 449 P.3d 1040 (2019).  (*See* MTR Resp. at 3, 7-9; MSJ at 4-8; Not. of Removal at 2.)  According to Allstate, *Keodalah* affirmed "that there is no theory of extra-contractual liability that can be alleged against an individual adjuster [that] could give rise to a cause of action," and "[t]his Court is bound to reach the same conclusion that no theory of liability—common law or otherwise—can support a cause of action as a matter of law against Mr. Weis." (MTR Resp. at 8 (citing *Keodalah*, 449 P.3d at 1048).)

*Keodalah* addressed "whether RCW 48.01.030 provides a basis for an insured's bad faith and Consumer Protection Act (CPA), chapter 19.86 RCW, claims against an employee claims adjuster." 449 P.3d at 1043; *see also* RCW 48.01.030 (imposing statutory duty of good faith upon insurers).  The Washington Supreme Court answered in the negative, holding (1) "that RCW 48.01.030 does not create an implied cause of action for insurance bad faith" against individual claims adjusters, and (2) that individual claims adjusters cannot be held personally liable for *per se* CPA claims premised on violations of WAC 284-30-330 or RCW 48.01.030.  *Keodalah*, 449 P.3d at 1046-48.  In other words, the court held that the plaintiff-insured could not assert *statutory* bad faith insurance or *per se* CPA claims against individual insurance adjusters.  That *Keodalah* addressed only statutory claims is especially evident given that the court rooted its analysis in large part in the text of RCW 48.01.030 and WAC 284-30-330 as well as the history of RCW 48.01.030.  *See id.* at 1045-47.

//

Importantly, as Mr. Hoglund argues (MTR at 5-9), *Keodalah* did not address or analyze whether an insured may bring a *common law* bad faith insurance claim against an individual insurance adjuster in Washington.  In a dissenting opinion that garnered four votes, Justice Mary I. Yu recognized the limits of the *Keodalah* majority's holding, noting that the plaintiff-insured had raised both statutory and common law bad faith claims but that the majority failed to even acknowledge the latter claim.  *Keodalah*, 449 P.3d at 1050-51, 1054 (Yu, J., dissenting).  Justice Yu would have addressed the viability of the common law claim as it was "a matter of first impression" that was properly before the court.  *Id.* at 1051.  And Justice Yu would have held that such a claim is viable as against an individual insurance adjuster based on Washington case law, "logic, common sense, justice, and policy."  *Id.*

The court concludes that Allstate has not carried its heavy burden of demonstrating that removal was proper based on fraudulent joinder.  It is not "obvious" that Mr. Hoglund failed to state a claim against Mr. Weis under "the settled rules of" Washington law because Allstate's cited cases do not preclude Mr. Hoglund's common law bad faith insurance claim as a matter of law, and that claim remains viable under current precedent.  *Hunter*, 582 F.3d at 1043 (quoting *Morris*, 236 F.3d at 1067).  While *Keodalah* foreclosed statutory bad faith and *per se* CPA claims against individual adjusters such as Mr. Weis, the decision expressly left open the possibility that individual adjusters may be held liable for common law bad faith claims.  *See Keodalah*, 449 P.3d at 1044-48.  The issue remains an open question of Washington law, and the fact that four Washington Supreme Court justices indicated they would recognize the viability of a

common law bad faith claim against an individual insurance adjuster supports this court's conclusion that such a claim is at the very least "possibl[e]" in Washington. *Grancare, LLC*, 889 F.3d at 548. *See Keodalah*, 449 P.3d at 1051 (Yu, J., dissenting).

Allstate's other cited cases do not merit a contrary conclusion. For example, the Washington Court of Appeals held in *International Ultimate v. St. Paul Fire & Marine Insurance Co.* that "the CPA does not contemplate suits against employees of insurers" and dismissed a common law *negligence* claim against an individual employee where the plaintiff "fail[ed] to present evidence that its insurers acted negligently or in bad faith." 87 P.3d 774, 779, 787 (Wash. Ct. App. 2004). But the court did not hold that common law *bad faith* claims against individual insurance agents are barred as a matter of Washington law. *See generally id.*; *see also Merriman v. Am. Guarantee & Liab. Ins. Co.*, 396 P.3d 351, 363 n.8 (Wash Ct. App. 2017) (rejecting the proposition that *International Ultimate* limited the tort liability of individual insurance agents). Allstate does not cite a single Washington case that so holds. (*See, e.g.*, MTR Resp. at 4 (first citing *Tank v. State Farm Fire & Cas. Co.*, 715 P.2d 1133, 1135 (Wash. 1986) (holding that "a *third party claimant* has no right of action against an *insurance company* for breach of [the] duty of good faith," but not addressing whether such a claim is available to an insured as against an individual agent (emphasis added)); then citing *Burnham v. Com. Cas. Ins. Co.*, 117 P.2d 644, 650-51 (Wash. 1941) (concerning alleged bad faith by an insurance company, not an individual claims adjuster)).)

Moreover, several decisions of this court have agreed that *Keodalah* left open the question whether Washington law permits an insurer to assert a common law bad faith

claim against an individual insurance adjuster.  *See, e.g.*, *Leonard v. First Am. Prop. & Cas. Ins. Co.*, No. C19-6089RBL, 2020 WL 634430, at *2 (W.D. Wash. Feb. 11, 2020) (holding the defendant failed to demonstrate fraudulent joinder because *Keodalah* "only addressed the statutory duty of good faith and left the plaintiff's common law duty of good faith claim unaddressed," and therefore plaintiffs' claims against individual insurance adjusters had a possibility of success); *Nikfard v. State Farm Fire & Cas. Co.*, No. C19-1001RBL, 2020 WL 6492926, at *1 (W.D. Wash. July 16, 2020) ("[A]s this Court has held several times now, [*Keodalah*] did not address common law bad faith or non-*per se* CPA claims.").  Notably, United States District Judge Tana Lin addressed an identical issue involving Allstate and Mr. Weis in *Xu v. Weis*, No. 22-0118-TL, 2023 WL 2142683 (W.D. Wash. Feb. 21, 2023).  In *Xu*, the plaintiff sued Allstate to recover under a UIM insurance policy and Allstate removed the matter to this court.  *Id.* at *1.  In response to Judge Lin's order to show cause why the matter shouldn't be remanded to King County Superior Court, Allstate argued that Mr. Weis was fraudulently joined as a defendant because *Keodalah* precludes claims against individual insurance adjusters.  *Id.* at *1, *3.  Judge Lin closely examined *Keodalah* and concluded that it does not foreclose common law bad faith insurance claims against individual insurance adjusters in Washington.  *Id.* at *5.  She further noted that "an absence of cases affirmatively recognizing a common law bad faith claim against individual adjustors does not preclude the existence of such a claim."  *Id.*

The court finds Judge Lin's analysis to be thorough, well-reasoned, and highly persuasive.  Accordingly, and for the reasons already stated, the court joins Judge Lin in

ORDER - 9

concluding that Washington law does not presently bar common law bad faith insurance claims against individual insurance adjusters and Allstate thus fails to demonstrate that Mr. Weis was fraudulently joined. Because the parties lack complete diversity, this court lacks subject matter jurisdiction. 28 U.S.C. § 1332(a). The court therefore GRANTS Mr. Hoglund's motion to remand. The court DENIES Allstate's motion for partial summary judgment as moot.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Hoglund's motion to remand (Dkt. # 7) and DENIES Allstate's motion for partial summary judgment (Dkt. # 9) as moot. The Clerk is DIRECTED to REMAND this action to King County Superior Court.

Dated this 8th day of December, 2023.

JAMES L. ROBART
United States District Judge